T.C. Memo. 2004-149


UNITED STATES TAX COURT


CHESTER L. PRICE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6639-02.               Filed June 22, 2004.


William M. Davidow, Jr., for petitioner.

Bradley C. Plovan, for respondent.


MEMORANDUM OPINION


THORNTON, Judge:  Petitioner was a general partner in a partnership.  Petitioner personally guaranteed certain of the partnership's debts.  After the partnership filed for bankruptcy under chapter 11, the bankruptcy court discharged petitioner's personal liability with respect to the partnership's debts and petitioner's personal guaranty thereof.  The issue for decision

is whether the resulting discharge of indebtedness income is excludable from gross income pursuant to section 108.[1]  We hold that it is.[2]

## Background

The parties submitted this case fully stipulated pursuant to Rule 122.  The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.

When petitioner filed his petition, he resided in Fallston, Maryland.

## The Partnership's Debts

At all relevant times, petitioner was a general partner in Notchcliff Associates (the partnership), a Maryland general partnership that was engaged in the business of developing a continuing care facility.

On April 9, 1985, the partnership borrowed $18 million from The Commercial Bank (the bank) for use in its business.  On that same date, petitioner and other general partners of the partnership executed a personal guaranty agreement, whereby they

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code for the taxable year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Essentially identical issues are presented in three other cases also decided today:  Ralph J. and Joan B. Mirarchi, docket No. 6638-02; Jose Martinez, Deceased, docket No. 6641-02; and Jose and Nancy Gracia, docket No. 6642-02.

jointly and severally guaranteed this loan.  On May 29, 1987, the partnership borrowed an additional $2,956,000 from the bank.[3]

The Partnership's Bankruptcy Case

On June 30, 1988, the partnership initiated a bankruptcy case by filing a voluntary chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the District of Maryland (the bankruptcy court).  On November 13, 1989, the bankruptcy court appointed a chapter 11 trustee (the trustee) to administer the partnership's assets and to develop an orderly liquidation and sale of the assets.

Petitioner's Contribution Agreement

The trustee negotiated with the partnership's general partners, including petitioner, to obtain some contribution from them to pay the partnership's debts.  The trustee filed a reorganization plan which, among other things, proposed a means whereby general partners of the partnership could contribute to a partnership release fund as a means of resolving the partnership's claims and other creditors' claims against its general partners.  On November 27, 1990, the bankruptcy court confirmed the plan.

Thereafter, the trustee reached a negotiated settlement with some of the general partners, including petitioner, whereby in exchange for paying agreed-upon sums to the partnership's bankruptcy estate, the contributing partners would be discharged

---

[3] The Apr. 9, 1985, personal guaranty agreement also applied to this loan.

from liability as permitted by the confirmed bankruptcy plan. On September 15, 1995, petitioner executed a contribution agreement and pursuant to its terms contributed $25,000 to the partnership's bankruptcy estate in exchange for release of "all claims or potential claims of creditors against * * * [petitioner] arising out of or related to" the partnership.

On December 19, 1995, the bankruptcy court entered an order approving the contribution agreement. In its order, the bankruptcy court specifically discharged and released petitioner from any and all liability to the trustee and the bank arising out of or relating to the partnership, petitioner's status as a general partner in the partnership, and the April 9, 1985, personal guaranty agreement. In addition, the bankruptcy court's order released petitioner from "the claims or potential claims of all creditors" of the partnership. The bankruptcy court further ordered that petitioner "is subject to the jurisdiction of the Bankruptcy Court."

Tax Reporting

For the 1995 tax year, the partnership issued petitioner a Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., allocating to him $1,833,324 of discharge of indebtedness income. Petitioner excluded this entire amount from his gross income as reported on his 1995 Federal income tax return.

Notice of Deficiency

By notice of deficiency, respondent determined that $456,864 of the $1,833,324 discharged debt should be included in petitioners' 1995 income.[4]

## Discussion

Generally, discharge of indebtedness gives rise to gross income to the obligor. Sec. 61(a)(12); see <u>Gitlitz v. Commissioner</u>, 531 U.S. 206, 213 (2001). Section 108 provides certain exceptions to this general rule. Pursuant to one of these exceptions, income from discharge of indebtedness is excluded from gross income if "the discharge occurs in a title 11 case". Sec. 108(a)(1)(A). This provision is applied at the partner level. Sec. 108(d)(6). Consequently, the relevant question is whether petitioner's debt (as opposed to the partnership's debt) was discharged "in a title 11 case".

For purposes of section 108, a "title 11 case" is defined as "a case under title 11 of the United States Code (relating to bankruptcy), but only if the taxpayer is under the jurisdiction of the court in such case and the discharge of indebtedness is granted by the court or is pursuant to a plan approved by the court." Sec. 108(d)(2).

---

[4] Respondent determined that petitioner was insolvent to the extent of $1,376,460 immediately before Notchcliff Associates' debt was discharged and that, accordingly, petitioner was entitled to exclude from gross income $1,376,460 of the discharged debt pursuant to sec. 108(a)(1)(B) and (3).

The partnership's chapter 11 bankruptcy was a case under title 11 of the United States Code. See 11 U.S.C. ch. 11 (2000). Pursuant to its December 19, 1995, order, the bankruptcy court discharged and released petitioner from all liability to the trustee, the bank, and all other creditors that might have claims arising from or relating to the partnership, petitioner's status as a general partner in the partnership, and the April 9, 1985, personal guaranty agreement. In the same order, the bankruptcy court explicitly asserted its jurisdiction over petitioner for this purpose. Giving due regard to principles of judicial comity, we discern no reason to second-guess the bankruptcy court's assertion of jurisdiction over petitioner in the partnership's chapter 11 bankruptcy case. See 28 U.S.C. secs. 151, 157, 1334 (2000).

We conclude that petitioner's debts in question were discharged "in a title 11 case" within the meaning of section 108(d)(2). Accordingly, we hold that petitioner's discharge of indebtedness income is excludable from gross income pursuant to section 108(a)(1)(A).

We have considered all arguments raised by the parties. Arguments not addressed herein are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for petitioner.